**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

EAGLES POINT VENTURES, LLC d/b/a
Eagles Point Apartments at Tampa Palms,

    Plaintiff,

v.                                            Case No: 8:20-cv-1196-T-36AAS

GREGORY PERRY,

    Defendant.

---

## ORDER

This matter comes before the Court upon Defendant's motion for recusal.[1] [Doc. 11]. In the motion, Defendant states only that the undersigned should recuse herself. *See id*. No explanation is provided. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's motion for recusal.

Pursuant to 28 U.S.C. § 455(a) "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The grounds for disqualifying a judge must be evaluated objectively–the standard is whether a reasonable person, with knowledge and understanding of all the relevant facts, would conclude that the judge's impartiality might reasonably be questioned. *Christo v. Padgett,* 223 F.3d 1324, 1333 (11th Cir. 2000). To satisfy the requirements of Section 455, a movant "must offer facts, and not merely allegations, that evidence partiality." *Strickland v. Chase Bank USA Nat. Ass'n*, 2010 WL 298798, at *2 (N.D. Ga. Jan. 19, 2010); *United States v. Cerceda*, 188 F.3d

---

[1] The letter filed by Defendant is titled with the subject "Pro Se Suggestion of Recusal." The Court construes this letter as motion for recusal.

1291, 1292 (11th Cir. 1999) (charge of partiality must be supported by some factual basis and not on unsupported irrational or highly tenuous speculation). "Section 455(a), however, must not be construed so broadly that it becomes presumptive [or mandates] . . . upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Malmsberry*, 222 F. Supp. 2d 1345, 1349 (M.D. Fla. 2002) (citing *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986)). Judicial rulings and routine trial administration efforts are insufficient to require a judge's recusal. *Strickland*, 2010 WL 298798, at *1.

Here, Defendant has offered no reason warranting recusal of the undersigned and has not otherwise satisfied the requirements of Section 455(a).

Accordingly, it is hereby **ORDERED**:

1. Defendant's motion for recusal is denied.

**DONE AND ORDERED** in Tampa, Florida on June 19, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:

Counsel of Record and Unrepresented Parties