# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

EAGLES POINT VENTURES, LLC d/b/a
Eagles Point Apartments at Tampa Palms,

    Plaintiff,

v.                                                            Case No: 8:20-cv-1196-T-36AAS

GREGORY PERRY,

    Defendant.

## ORDER

This matter comes before the Court on Plaintiff's Motion for Remand. [Doc. 27]. There, Plaintiff presents various reasons as to why removal to this Court is not proper. Having considered the motion and being duly advised in the premises, the Court will **GRANT** Plaintiff's Motion to Remand.

    **I.**     **BACKGROUND**

This landlord-tenant eviction action was initially filed in the Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida. [Doc. 4-1]. After it was removed to this Court, Defendant was ordered to show cause as to why the action should not be remanded for lack of subject matter jurisdiction. [Doc. 9].[1] Subsequently, Plaintiff moved to remand the action, arguing that Defendant did not offer a proper basis for removal. [Doc. 27]. Specifically, Plaintiff explains that Defendant was removing based on a counterclaim, which is not allowed, and the eviction

---

[1] Defendant did not provide a response but moved for an extension of time to file a response. Thereafter, Defendant filed several exhibits in support of his notice of removal, which the Court construes as Defendant's response to the Order to Show Cause [Docs. 23, 24, 25, 26].

action does not arise under federal law. *Id.* at 3. Moreover, defendant also points out that removal is untimely as it was removed more than thirty days after the time limit to remove and that Defendant consented to state court jurisdiction by actively litigating the case prior to removal. *Id.* at 4-5. Defendant did not file a response to Plaintiff's motion.

## II.   DISCUSSION

The Court finds merit to the arguments presented by Plaintiff. As the Court made clear in its Order to Show cause, landlord-tenant eviction actions are routinely remanded for lack of subject matter jurisdiction. [Doc. 9 at 2-3]. Here, the state court complaint alleges a landlord-tenant dispute based entirely on state law—the Florida Residential Landlord and Tenant Act (Fla. Stat. § 83.40 *et seq.*) and Florida's Summary Procedure rules (Fla. Stat. § 51.011 *et seq.*). [Doc. 4-1]. As in *Oasis at Moss Park, LLC v. Gamble*, No. 6:17-CV-1224-ORL-18KRS, 2017 WL 3267808 (M.D. Fla. July 11, 2017), *report and recommendation adopted*, No. 6:17-CV-1224-ORL-40KRS, 2017 WL 3251601 (M.D. Fla. July 31, 2017), the Court is without jurisdiction. In that case, this Court reasoned as follows:

> In this case, Oasis's complaint does not allege a federal cause of action. Instead, its action for eviction arises squarely under state law—the Florida Residential Landlord and Tenant Act. Doc. []. It appears that Gamble may believe that his eviction violates the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (which he refers to as the Civil Rights Act of 1968). As explained above, however, any defenses or counterclaims he may raise in response to Oasis's lawsuit do not confer federal question removal jurisdiction on this Court."

*Id.* at *2. Likewise, in *Diversified Properties LLC v. Castleberry*, No. 8:17-CV-805-T-36TGW, 2017 WL 2859645, at *6 (M.D. Fla. July 5, 2017), this Court granted Plaintiff's motion to remand, reasoning that "th[e] case [was] a straightforward action to evict Castleberry for the failure to pay rent; the eviction process is governed by state law, and no federal question exist[ed] on the face of

the Complaint." Recently, this Court noted in *Arbor Lakes Apartments Ltd. P'ship v. McLeod*, No. 8:19-CV-126-T-33TGW, 2019 WL 290605, at *2 (M.D. Fla. Jan. 23, 2019), that reference in the notice of removal to a federal statute will not invoke subject matter jurisdiction where the complaint has not pleaded that statute. There, the Court stated that "review of the state court Complaint demonstrates that this eviction action raises no federal question. . . . McLeod's reference to the Fair Debt Collection Practices Act in the Notice of Removal does not convert this state court action into a federal case." *Id.* As in that case, Defendant's reliance on 28 U.S.C. § 1443 has no bearing on this Court's jurisdiction over Plaintiff's eviction action.

Moreover, assuming the complaint did in fact allege a federal question, the notice of removal was not timely. Pursuant to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." A statutory exception may exist "(1) 'where a plaintiff deliberately misleads a defendant about the true nature of the case until the thirty-day removal limit expires'; or (2) 'when an amended complaint is filed which fundamentally alter[s] the complexion of the case to such a degree that the amended complaint creates an essentially new lawsuit.' " *Myakka River Resort, LLC v. City of N. Port*, No. 8:20-CV-01124-T-36AEP, 2020 WL 3530550, at *3 n.2 (M.D. Fla. June 30, 2020) (citing *Clegg v. Bristol-Myers Squibb Co.*, 285 B.R. 23, 31 (M.D. Fla. 2002)).[2] Here, the State Court docket sheet shows that process was served on Defendant around October 25, 2019 and he moved to dismiss on November 8, 2019. [Doc. 4-3 at 7]. However, he waited until May 29, 2020 to remove the action to this Court. Removal was way outside the thirty-

---

[2] The Court explained, however, that "the Eleventh Circuit has yet to endorse or adopt this exception"

day window allowed for removal and Defendant has not alleged in his notice of removal that the basis for removal only appeared after the expiration of the thirty-day window. *See, e.g.*, *Krpic v. Progressive Express Ins. Co.*, No. 8:20-CV-792-T-24 AEP, 2020 WL 2611595, at *2 (M.D. Fla. May 22, 2020) ("Defendant stated that it learned of the facts that provided the basis for the second removal during Plaintiff's November 2019 deposition and that it received the transcript of Plaintiff's deposition on November 23, 2019. . . . Defendant removed this case a second time on April 6, 2020—more than 30 days after its receipt of Plaintiff's deposition transcript. Accordingly, the removal was not timely and remand i[s] required.").

Additionally, Plaintiff is correct that the matter was actively litigated in state court by Defendant prior to removal. [Doc. 4-3]. "[W]here as here, a defendant takes a substantial defensive action in the state court indicating a willingness to litigate in state court, wavier may be found." *Mobile-One Commc'ns & Elecs., Inc. v. Lazy Days R.V. Ctr., Inc.*, No. 8:05CV2097T-27EAJ, 2006 WL 2189183, at *2 (M.D. Fla. Aug. 1, 2006). "However, an action to maintain the status quo in state court, as opposed to an action to dispose of the matter, does not constitute a waiver." *Scholz v. RDV Sports, Inc.*, 821 F. Supp. 1469, 1470 (M.D. Fla. 1993). From the court's review of the state court docket sheet, it is clear that Defendant's conduct in state court went beyond that taken to maintain the status quo and entailed active litigation of the merits of the action. This also warrants a remand.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion for Remand [Doc. 27] is **GRANTED**.
2. This case is **REMANDED** to the County Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.
3. The Clerk is directed to send a certified copy of this Order to the Clerk of Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

4. The Clerk is further directed to terminate all pending motions and close this case.

**DONE AND ORDERED** in Tampa, Florida on July 24, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties